UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ORLANDO PAUL, #231996, | ) |
| | ) Civil Action No. 4:20-cv-2071-SAL-TER |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) **ORDER** |
| | ) |
| OFFICER WINGARD, WARDEN | ) |
| STEPHON, SYLVIA ROBERTS, | ) |
| and MRS. GAMBREL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Presently before the court are Defendant Stephon's Motion to Compel (ECF No. 55) and Plaintiff's Motion to Appoint Counsel (ECF No. 61). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. In Defendant's Stephon's Motion to Compel he asserts that he served Plaintiff with discovery requests within the scheduling order deadline to complete discovery and Plaintiff failed to respond. Plaintiff did not file a response in opposition to Defendant Stephon's Motion. Therefore, the Motion to Compel (ECF No. 55) is **GRANTED**. **Plaintiff shall have ten days from the date of this order to fully respond to Defendant Stephon's discovery requests.**

Plaintiff's Motion to Appoint Counsel is his second such motion. The first motion was denied, see ECF No. 50, because Plaintiff failed to show exceptional circumstances that would warrant appointment of counsel in this civil action. See Hall v. Holsmith, 340 Fed. Appx. 944, 946 (4th Cir.2009) ("Exceptional circumstances exist where a pro se litigant has a colorable claim but lacks the capacity to present it."). In the present motion, Plaintiff attaches medical records setting forth his various mental health diagnoses. However, these records still fail to show that Plaintiff

lacks the capacity to litigate this action. Therefore, Plaintiff's Motion to Appoint Counsel (ECF No. 70) is **DENIED**.

    **IT IS SO ORDERED.**

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

July 2, 2021  
Florence, South Carolina