UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ORLANDO PAUL, #231996, | ) | Civil Action No. 4:20-cv-2071-SAL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER** |
| | ) | |
| OFFICER WINGARD, WARDEN | ) | |
| STEPHON, SYLVIA ROBERTS, | ) | |
| and MRS. GAMBREL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Presently before the court are Plaintiff's Motion to Compel (ECF No. 70) and Motion to Appoint Counsel (ECF No. 79). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In his Motion to Compel, Plaintiff seeks an order directing Defendants to respond to his discovery requests, which he served on Defendants "approximately sixty (60) days ago." Although Plaintiff's motion was filed on June 25, 2021, and postmarked June 23, 2021, the motion itself is dated May 26, 2021. Using the May 26, 2021, date, Plaintiff's discovery responses were served on Defendants on or around March 26, 2021, making Defendants' responses due around April 26, 2021. See Fed.R.Civ.P. 33(b)(2) and 34(b)(2)(A). The scheduling order deadline for discovery was April 21, 2021. The scheduling order provides that "[a]ll discovery requests shall be served in time for the responses thereto to be served by" the deadline. Thus, because the due date for Defendants' discovery responses fell after the scheduling order deadline, Plaintiff's requests were untimely. See also Local Civil Rule 37.01(A), D.S.C. (requiring motions to compel discovery to be filed within

twenty-one days after the responses were due).  Accordingly, Plaintiff's Motion to Compel (ECF No. 70) is **DENIED**.

Plaintiff's currently pending Motion to Appoint Counsel is his fourth such motion (see ECF Nos. 3, 25, 61, 79).  Each previous motion has been denied for Plaintiff's failure to show exceptional circumstances that would warrant appointment of counsel.  See Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975) (holding that appointment of counsel for an indigent in a civil action should be allowed only in exceptional circumstances).  In his present motion, Plaintiff asserts that even though he can read and write, "he has no idea what he is doing nor does he know how to proceed." Motion to Appoint Counsel p. 1.  He also states that SCDC has been hindering his attempts to litigate this action by failing to provide him with legal and personal mail or legal supplies in a timely fashion.  Plaintiff asserts that SCDC and its counsel will give more respect to the litigation process if a member of the bar is appointed to represent him.  The difficulties described by Plaintiff are insufficient to rise to the level of exceptional circumstances.  Exceptional circumstances exist when a litigant has a colorable claim but lacks the capacity to present it. Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978).  While the circumstances described by Plaintiff may make it more difficult for him to litigate this action, his does not lack the capacity to do so.  Therefore, his Motion to Appoint Counsel (ECF No. 79) is **DENIED**.

The court notes that Plaintiff's response to Defendants' pending Motion for Summary Judgment (ECF No. 71) was due August 2, 2021, but Plaintiff has not filed a response.  Given the circumstances described by Plaintiff as set forth above, Plaintiff has an additional fifteen days from the date of this order to file his response.  Failure to do so may result in a recommendation that this case be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 8, 2021
Florence, South Carolina