IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Orlando Paul, | ) | C/A No. 4:20-cv-2071-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Rodney Wingard, Warden Stephon, Sylvia Roberts, Melissa Gambrell, | ) ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the January 25, 2022 Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 102.]

## BACKGROUND

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that he was sexually assaulted by Officer Rodney Wingard ("Officer Wingard") while he was housed at the Broad River Correctional Institute ("BRCI"). *See* [ECF No. 1; ECF No. 102 at 1–2.] Plaintiff also raises claims concerning the alleged denial of his property, legal materials, religious materials, and mental health treatment. *See* [ECF No. 102 at 4–5.] The specific facts are set forth in the Report, and the court will not repeat them here. *See id.* at 1–5.

On June 30, 2021, Defendants filed a motion for summary judgment (the "Motion"), arguing that Plaintiff failed to exhaust his administrative remedies before filing this action or provide evidence supporting his claims. *See* [ECF No. 71-1 at 22.] Prior to issuing his Report on Defendants' Motion, the Magistrate Judge directed Defendants to file a brief "addressing, with specificity, the procedure inmates are required to follow to fully exhaust their remedies with

1

respect to allegations of sexual assault, and whether Plaintiff followed that procedure." [ECF No. 96.] Defendants filed their brief on January 24, 2022. [ECF No. 99.]

On January 25, 2022, the Magistrate Judge issued the Report that is the subject of this order. *See* [ECF No. 102.] In the Report, the Magistrate Judge recommends granting Defendants' Motion due to Plaintiff's failure to exhaust his administrative remedies before filing this action. *Id.* at 17. Alternatively, if this court finds that Plaintiff exhausted his administrative remedies, the Report recommends denying Defendants' Motion as to Plaintiff's Eighth Amendment claim against Officer Wingard. *Id.*

On February 14, 2022, Plaintiff filed a brief in support of his administrative exhaustion, ECF No. 107, and on February 22, 2022, he filed objections to the Report, ECF No. 111. On March 1, 2022, the Court directed Defendants to respond to Plaintiff's briefing. *See* [ECF No. 113.] Defendants filed their response on March 4, 2022. [ECF No. 116.] This matter is now ripe for consideration by this court.

## STANDARDS OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

**DISCUSSION**

Plaintiff objects to the Report's recommended dismissal of his claims based on his failure to exhaust his administrative remedies prior to bringing this action—specifically his failure to file a Step 2 grievance as required by SCDC's grievance policy. *See* ECF Nos. 107, 111. Plaintiff argues that he was prevented from filing a Step 2 grievance because his Step 1 forms concerning the sexual assault were never returned to him with a written response and thus, the administrative remedies were unavailable to him. *See* [ECF No. 107 at 1; ECF No. 111 at 1–2.] In their reply to Plaintiff's objections, Defendants acknowledge that because Plaintiff did not receive a written

3

response to his Step 1 grievances, and "written Step 1 determinations must be submitted as a condition of properly filing a Step 2 grievance," the administrative grievance procedures were effectively unavailable to him. [ECF No. 116 at 2–3.] Accordingly, Defendants withdrew their prior argument that this case should be dismissed for failure to exhaust. *Id.* at 3. This court therefore declines to adopt the Report's recommendation to grant Defendants' Motion on exhaustion grounds.

The court now turns to the Report's alternative recommendation. In the event that this court finds Plaintiff exhausted his administrative remedies, the Report recommends denying Defendants' Motion as to Plaintiff's Eighth Amendment claim of sexual assault against Officer Wingard. [ECF No. 102 at 14–16.] The Report explains that at this stage of litigation, Plaintiff's verified complaint is the equivalent of an opposing affidavit, and thus a dispute of fact exists as to whether Officer Wingard sexually assaulted Plaintiff in violation of the Eight Amendment. *See id*. at 16 (citing *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.")). Defendants did not file objections to the Report, and in their reply to Plaintiff's objections, they seek to preserve the other grounds for dismissal asserted in their memorandum in support of summary judgment. [ECF No. 116 at 3.] Defendants fail, however, to identify a specific objection to the portion of the Report recommending that Plaintiff's sexual assault claim survive summary judgment. *See id*. Accordingly, the court reviews this portion of the Report for clear error, and finding none, adopts the Report's recommendation to deny Defendants' Motion as to Plaintiff's Eight Amendment claim against Officer Wingard.

With respect to Plaintiff's remaining claims involving allegations of non-criminal activity, the Report noted that these allegations were untimely under SCDC's policy, which requires inmates to raise the issue in a Request to Staff Member Form within eight days of the incident. *Id.* at 14 n.14 (citing Inmate Grievance System SCDC Policy No. GA-01.12, Section 13.2). Plaintiff does not object to this finding, and finding no clear error, this court adopts the Report's recommendation to grant Defendants' Motion on Plaintiff's remaining claims.

## CONCLUSION

For the above-stated reasons, the court adopts the Report, ECF No. 67, in part and declines the report in part. Therefore, it is the judgment of this court that Defendants' Motion for Summary Judgment, ECF No. 71, is **DENIED** as to Plaintiff's Eighth Amendment claim against Officer Wingard and **GRANTED** as to all other claims.

**IT IS SO ORDERED.**

March 11, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

5